**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LISA LINTON,

    Plaintiff,

v.

Case No. 12-10984

ALLSTATE INSURANCE COMPANY,

    Defendant.
                                                     /

**ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL STATEMENT
OF DAMAGES IN COMPLIANCE WITH LOCAL RULE 81.1(d)
AND CANCELLING MAY 16, 2012 HEARING**

In December 2009, Plaintiff Lisa Lintion's husband, Donald Linton, died in an automobile accident in Hillsdale County, Michigan. On December 13, 2011, Plaintiff Lisa Linton initiated this case against Defendant Allstate Insurance Company ("Allstate") in Wayne County Circuit Court seeking at least $25,000 in damages for Defendant Allstate Insurance Company's alleged failure to pay personal protection benefits in accordance with Michigan's No-Fault Insurance Law, Mich. Comp. Laws §§ 500.3101-.3179. Defendant timely removed the action to this court alleging subject-matter jurisdiction through diversity of citizenship. *See* 28 U.S.C. § 1332. Following removal, Plaintiff filed a first amended complaint, in which she no longer claims entitlement to wage loss benefits on behalf of the deceased's dependants or to other personal protection benefits not specifically enumerated in the complaint. Plaintiff also avers in the amended complaint that the damages she seeks less than $75,000 in damages. One day after filing her amended complaint, Plaintiff filed a motion to remand in which

she states that the "First Amended Complaint does not allege damages in excess of the jurisdictional amount." (Pl.'s Mot. Remand ¶ 6, Dkt. # 6.) In response to Plaintiff's motion, Defendant, citing *General Motors Co. v. Dinatale,* 705 F. Supp. 2d 740 (E.D. Mich. 2010), argues that a post-removal amendment that purportedly reduces the amount in controversy does not strip a district court of jurisdiction if the jurisdictional requirements were satisfied at the time of removal. (Def.'s Resp. to Pl.'s Mot. Remand 9, Dkt. # 8.)

Having reviewed the motions, briefs, and accompanying exhibits, the court concludes that additional briefing is necessary. Plaintiff has not fully complied with Eastern District of Michigan Local Rule 81.1(d)'s requirement that a plaintiff seeking remand on the grounds that the amount in controversy does not meet the jurisdictional threshold "*must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate.*" E.D. Mich. LR 81.1(d) (emphasis added). Plaintiff's statement of damages does not provide an itemization and amount of damages for each category of damages claimed. Instead, Plaintiff proffers an amount or estimate for only a single category—replacement services. For the remaining categories, she simply states that the "amount [is] less than $5,000," (Pl.'s statement of Damages ¶ 2, Dkt. # 6-2), or that the "attorney fees . . . [are] less than $75,000," (*id.* at ¶ 3). In accordance with Local Rule 81.1(d), Plaintiff may not merely state that a category of damages is greater or less than a certain amount; such a statement is of little help to a district court in determining whether the amount in

2

controversy satisfies the jurisdictional threshold. Instead, she must provide a reasonably detailed itemization and proffer a specific amount for each category of damages claimed. E.D. Mich. LR 81.1(d). Where a specific amount cannot be precisely stated, she must estimate the *maximum* amount and submit a "detailed description of the factual basis for the estimate." *Id.*

Plaintiff's statement of damages is also deficient in that it is based on the damages claimed in the amended complaint, not the original complaint which Defendant relied on when removing the action to this court. The Sixth Circuit has held that "the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citation omitted). Thus, "'[a] post-removal stipulation has no effect on federal jurisdiction over the original complaint.'" *Id.* at 872 (quoting *Mitchell v. White Castle Sys., Inc.*, 86 F.3d 1156, 1996 WL 279863, at *2 n.2 (6th Cir.) (unpublished table decision)). "Similarly, a post-removal amended complaint that reduces the amount of damages claimed will not change the assessment of jurisdiction established on the basis of the original pleading." *Dinatale*, 705 F. Supp. 2d at 745. Because the amended complaint was filed nearly three weeks after Defendant removed the action, the determination of the amount in controversy must be based on the damages claimed in the original complaint, not the amended complaint. Therefore, Plaintiff's statement of damages should include an itemization and estimation for each category of damages claimed in the original complaint, including, but not limited to, the following categories: (1) survivor's loss benefits, (Compl. ¶ 8(a), Dkt. # 1); (2) income and wages that the dependents of the

deceased would have received, (*id.* at ¶ 8(b))[1]; (3) replacement services, (*id.* at ¶ 8(c)); (4) "any other personal protection benefits payable in accordance with the Michigan No-Fault Act . . . and Defendant's insurance policy," (*id.* at ¶ 8(d)); and (5) interest, costs, and attorney's fees, (*id.* at ¶ 14(b)).

Finally, because Defendant ultimately bears the burden of showing that the amount in controversy at the time of removal "more likely than not" exceeded $75,000, *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1191 (2010), Defendant will have an opportunity to file a concise response to Plaintiff's supplemental statement of damages. Accordingly,

IT IS ORDERED that Plaintiff is DIRECTED to file a supplemental statement of damages that satisfies the requirements of Local Rule 81.1(d) on or before **May 8, 2012**. The statement shall be based on the category of damages claimed in the original complaint, including, at a minimum, each of the categories enumerated above. Further, the statement shall include an itemization and precise amount claimed for each category of damages, or, if Plaintiff is unable to precisely state the amount claimed, an estimation of the maximum amount claimed and a detailed description of the factual basis for the estimate.

---

[1] Plaintiff avers in her statement of damages that "[t]here are no wage loss benefits owed according to Defendant's own expert." (Pl.'s Statement of Damages ¶ 5). However, at the time of removal, Plaintiff evidently believed that the dependents of the deceased were entitled to loss of income and wages. Accordingly, Plaintiff shall provide an estimation of the amount of income and wages she believed the dependents were entitled to at the time of removal.

IT IS FURTHER ORDERED that Defendant may, at its option, file a brief response, limited to five pages in length, to Plaintiff's supplemental statement of damages on or before **May 15, 2012**.

Finally, IT IS ORDERED that the **May 16, 2012** hearing is CANCELLED. In accordance with Local Rule 7.1(f)(2), Plaintiff's motion will decided on the briefs.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: May 2, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-10984.LINTON.Deny.Remand.jrc.wpd

5